MARSTILLER, J.
The Department of Revenue (“Department”), on behalf of Karina Sorto, appeals a final administrative paternity and support order that limits retroactive child support to the 24 months preceding the mailing date of the notice of proceeding to establish administrative support order (hereinafter “notice of support proceeding”). For the reasons explained herein, we hold that the Administrative Law Judge (“ALJ”) should have determined the retroactive period based on the earlier service date of the notice of administrative proceeding to establish paternity (hereinafter “notice of paternity proceeding”).
On July 12, 2011, the Department served Appellee with a notice of paternity proceeding. The notice advised Appellee, inter alia, that if genetic testing proved him to be the father of the Ms. Sorto’s child, he would receive either a proposed order of paternity or a notice of support proceeding. Genetic testing established paternity in November 2011, and the Department subsequently sent Appellee a notice of support proceeding. The notice is dated, and was mailed on, January 23, 2012. The administrative hearing occurred on May 1, 2012.
The presiding ALJ issued a “Final Administrative Paternity and Support Order” naming Appellee the legal and biological father of Ms. Sorto’s child, and establishing Appellee’s child support obligation at $250.00 per month. The order further directs Appellee to “pay retroactive support from February 01, 2010 through May 31, 2012, a total of 28 months, based on the two years preceding the filing of the notice of proceeding for support.” The Department argues on appeal that the retroactive support period should have been calculated from the date the notice of paternity proceeding was served on Appellee. We agree.
The Department administers the State’s child support enforcement program. See § 409.2557(1), Fla. Stat. (2011). Support obligations are based on the child support guidelines in section 61.30, Florida Statutes, and may include retroactive support pursuant to section 61.30(17), Florida Statutes. See §§ 61.046(21); 61.30; 409.2563(l)(a), (l)(g), (4)(f), Fla. Stat. (2011). The retroactive period is determined as follows:
In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a 'period of ¾ months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.
*536 § 61.30(17), Fla. Stat. (2011) (emphasis added).
In cases in which paternity is unknown, section 409.256, Florida Statutes, gives the Department the option to either commence paternity and support proceedings at the same time, or commence a paternity proceeding first, and if paternity is established, follow up with a support proceeding. See §§ 409.256(2)(a), (4), Fla. Stat. (2011). If the Department chooses the latter option, it must provide separate notices for the paternity proceeding and the support proceeding. See § 409.256(4)(a)7.b., Fla. Stat. (2011). The Department need not obtain separate orders, but may await a combined paternity and support order at the conclusion of the support proceeding. See §§ 409.256(4)(a)7., (9), Fla. Stat. (2011).
The Department asserts that where, as in this case, it chooses the two-step statutory process, the 24-month retroactive support period under section 61.30(17) should be calculated from the date on which the notice of paternity proceeding was served on the putative father. We agree. But while the Department reasons that the later notice of support proceeding essentially amends — and thus, relates back to — the notice of paternity proceeding, we conclude, instead, that section 409.256(4) creates a bifurcated administrative proceeding that begins with service of the notice of paternity proceeding.
According to the statute, “[t]he Department of Revenue shall commence a proceeding to determine paternity, or a proceeding to determine both paternity and child support, by serving the respondent with a notice as provided in this section.” § 409.256(4), Fla. Stat. (2011) (emphasis added). The statute requires the Department to serve such notice “by certified mail, restricted delivery, return receipt requested, or in accordance with the requirements for service of process in a civil action.” Id. Significantly, the statute further provides:
(a) A notice of proceeding to establish paternity must state:
7. That if the results of the genetic test indicate a statistical probability of paternity that equals or exceeds 99 percent, the department may:
a. Issue a proposed order of paternity that the respondent may consent to or contest at an administrative hearing; or
b. Commence a proceeding, as provided in s. 409.2563, to establish an administrative support order for the child. Notice of the proceeding shall be provided to the respondent by regular mail.
§ 409.256(4)(a)7., Fla. Stat. (2011) (emphasis added). Cf. § 409.2563(4), Fla. Stat. (2011) (providing that for support proceedings initiated under that section, notice is to be served by certified mail or by service of process as in a civil action). Therefore, under the procedure set forth in section 409.256(4), service of a notice of paternity proceeding commences the administrative action. The issue of paternity is determined first, and if established, the father’s support obligation is then determined. The support proceeding is thus part two of an ongoing overall administrative action, the goal of which is to ensure the child’s biological father pays child support.
Section 61.30(17), as well, supports using the service date of the notice of paternity proceeding to determine the retroactive period. Of the three proceedings listed in the statute resulting in an initial child support determination — paternity action, dissolution of marriage action, and petition for support during marriage — a paternity action is the only one analogous to the type of administrative proceeding at issue in this case. If section 61.30(17) permits ret *537 roactive child support for a 24-month period preceding the date a paternity action was filed in circuit court, the service date of the notice of paternity proceeding likewise should be the operative date for administrative proceedings in which the Department uses the bifurcated procedure in section 409.256(4).
Accordingly, we REVERSE and REMAND for the ALJ to recalculate the Appellee’s retroactive support obligation using the date the Department served Ap-pellee with the notice of paternity proceeding — July 12, 2011 — to determine the retroactive period. In all other respects, the administrative paternity and support order is AFFIRMED.
WOLF and THOMAS, JJ., concur.