# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2671
_____

DEPARTMENT OF REVENUE and
PORSHAUN WALKER,

    Appellants,

    v.

MICHAEL EADY BROWN,

    Appellee.

_____

On appeal from the Division of Administrative Hearings.
J.D. Parrish, Judge.

April 20, 2018

PER CURIAM.

As the result of a request from the Nevada Child Support Enforcement Program to determine paternity and support for minor child Z.W., the Florida Department of Revenue (the "Department") initiated the present paternity action.

On January 20, 2017, the Department served Appellee, Z.W.'s putative father, with a Notice of Administrative Proceeding to Establish Paternity pursuant to section 409.256(4)(a)7.b., Florida Statutes. In April 2017, Appellee received the results of a DNA test establishing that he was Z.W.'s father.

A hearing was held on the Department's Proposed Administrative Paternity and Support Order, where the Department requested that Appellee be required to pay retroactive child support for the period beginning twenty-four months before Appellee was served with notice of the paternity proceeding, the maximum amount allowed by section 61.30(17), Florida Statutes. The Division of Administrative Hearings issued a final support order on June 22, 2017, finding the minor child had a need for support and Appellee had the ability to pay, and ordering, *inter alia*, that Appellee pay retroactive support from April 1, 2017 through June 30, 2017, based on the date Appellee received notice of the DNA test results establishing his paternity of Z.W.

However, "the service date of the notice of paternity proceeding . . . should be the operative date for administrative proceedings in which the Department uses the bifurcated procedure in section 409.256(4)." *Dep't of Revenue ex rel. Sorto v. LaGree*, 106 So. 3d 534, 537 (Fla. 1st DCA 2013). "Section 61.30(17), as well, supports using the service date of the notice of paternity proceeding to determine the retroactive period." *Id.* at 536.

Here, the Department served Appellee with a Notice of Administrative Proceeding to Establish Paternity pursuant to section 409.256(4)(a)7.b., Florida Statutes, on January 20, 2017. Therefore, the order should have calculated retroactive support based on the service date of the paternity proceeding, not the date that Appellee was given notice of the DNA test results.

We reverse the final order and remand for a recalculation of retroactive child support based on the date that Appellee was served with notice of the paternity action.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and LEWIS and MAKAR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Pamela Jo Bondi, Attorney General, Tallahassee; Carrie R. McNair, Assistant Attorney General, Office of Child Support Enforcement, Tallahassee, for Appellant Department of Revenue.

No appearance for Appellee.